**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KRISTIN MCCARROLL, On Behalf of Herself and All Others Similarly Situated, )<br><br>    *Plaintiff*, )<br><br>v. )<br><br>JJMB OPERATING LLC d/b/a UNIÓN MESA a/k/a UNIÓN MESA RESTAURANT & CANTINA, )<br><br>    *Defendant.* ) | **COLLECTIVE ACTION**<br><br>**CASE NO.** CIV-24-139-SPS_____<br><br>**JUDGE** _____<br><br>**JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1.      Plaintiff Kristin McCarroll ("Plaintiff") brings this action against Defendant JJMB Operating LLC d/b/a Unión Mesa a/k/a Unión Mesa Restaurant & Cantina (collectively, "Defendant" or "Unión Mesa") to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Defendant owns and operates Unión Mesa a/k/a Unión Mesa Restaurant & Cantina, located at the WinStar World Casino and Resort at 777 Casino Way, Thackerville, Oklahoma 73459.

2.      Plaintiff and those she seeks to represent worked as Tip Credit Employees (*e.g.*, servers and bartenders) at Unión Mesa. Defendant paid its Tip Credit Employees, like Plaintiff, a tipped hourly wage less than the statutory $7.25 per hour minimum wage (and the $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and relied on the "tip-credit" provision of the FLSA to satisfy their statutory minimum wage and overtime obligations to Tip

Credit Employees. However, Defendant failed to satisfy the requirements for relying on the tip credit to comply with the FLSA.

3.      Defendant failed to satisfy the tip-credit requirements and violated the FLSA in multiple ways: First, Defendant failed to satisfy the notice prerequisite for taking the "tip credit." Second, Defendant required Plaintiff and other Tip Credit Employees to share a portion of their customer tips with back-of-house employees who have no or insufficient customer interaction, as well as share a portion of their tips with their employer and management employees, in violation of the FLSA. Third, Defendant required Plaintiff and other Tip Credit Employees to perform substantial amounts of non-tip-producing work and directly supporting work tasks throughout their shift at the lower tipped hourly rate, including time spent performing such non-tip-producing work prior to serving customers (including before the restaurant is open to customers), during the time when customers were present alongside their tip-producing work activities, and after they were done serving customers (including after customers have left the restaurant).

4.      As a result of these practices, Defendant was not permitted to rely on the tip credit to satisfy its minimum wage and overtime obligations under the FLSA and therefore has failed to pay the required minimum wage, pursuant to 29 U.S.C. § 206, and overtime wage, pursuant to 29 U.S.C. § 207. Defendant has also unlawfully retained these tips in violation of the express terms of 29 U.S.C. § 203(m)(2)(B). Plaintiff and those she seeks to represent are therefore entitled to recover the unpaid statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and to recover all unlawfully retained tips, liquidated damages, and all attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff asserts these FLSA claims as a collective action, on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and they raise a federal question pursuant to 28 U.S.C. § 1331.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the claims arose in this judicial district.

## III. PARTIES

**A.     Plaintiff**

7.     Plaintiff Kristin McCarroll is a resident of Gainesville, Cooke County, Texas.

8.     Defendant employed Plaintiff at its Unión Mesa Restaurant & Cantina located at 777 Casino Way, Thackerville, Oklahoma 73459 from approximately October of 2022 to approximately January of 2023.

9.     Throughout her employment with Defendant, Plaintiff worked as both a Bartender and Head Bartender, receiving hourly wages less than $7.25 per hour plus customer tips.

**B.     Defendant**

10.     Defendant JJMB Operating LLC is an Oklahoma limited liability company.

11.     Defendant JJMB Operating LLC's registered agent is John J. Griffin III, who can be served at 201 Robert S. Kerr Avenue, Suite 1600, Oklahoma City, Oklahoma 73102.

12.     Defendant JJMB Operating LLC owns and operates Unión Mesa a/k/a Unión Mesa Restaurant & Cantina, located at the WinStar World Casino and Resort at 777 Casino Way, Thackerville, Oklahoma 73459.

13.     Defendant JJMB Operating LLC uses the trade name "Union Mesa."

14.     Defendant JJMB Operating LLC has at all relevant times been an employer within the meaning of the FLSA.

### IV.  FACTS

15.     Plaintiff and those she seeks to represent in this action are current and former employees of Defendant at its Unión Mesa Restaurant & Cantina who Defendant paid less than $7.25 per hour (and less than $10.88 per overtime hour), plus customer tips, such as servers and/or bartenders. These employees are referred to herein as Tip Credit Employees.

16.     Defendant purported to use these customer tips to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour) for each hour worked by Plaintiff and other Tip Credit Employees, 29 U.S.C. §§ 206-207, by relying on the FLSA's tip-credit provision, *id.* § 203(m).

17.     Prior to relying on the tip credit, employers are required to inform employees of certain information.

18.     Defendant did not inform Plaintiff and other Tip Credit Employees of the required information prior to relying on the tip credit.

19.     Defendant required Plaintiff and other Tip Credit Employees to share a portion of the tips they received from customers with back-of-house employees with no or insufficient customer interaction.

20.     Defendant also required Plaintiff and other Tip Credit Employees to share a portion of the tips they received from customers with management employees.

21.     Defendant required Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below the applicable federal minimum wage rates, including:

> a. At the beginning of their scheduled shifts, prior to serving customers (*e.g.*, non-tip-producing and directly supporting work, such as, rolling silverware, batching drinks, cutting fruit, preparing margarita machines, filling ice wells, stocking chips and salsas, etc.);

    b.  At the end of their scheduled shifts, after serving customers (*e.g.*, non-tip-producing and directly supporting work, such as, breaking down and cleaning margarita machines, washing glassware, emptying and cleaning ice wells, polishing silverware, cleaning bar surfaces, locking away liquor, wine, and beer, etc.); and,

    c.  Throughout their scheduled shifts, during periods of time when some customers were present in the restaurant (*e.g.*, non-tip-producing and directly supporting work, such as, washing glassware, re-stocking the bar, cutting fruit, batching drinks, etc.).

22.    This non-tip-producing and directly supporting work Plaintiff and other Tip Credit Employees performed exceeded 30 continuous minutes while paid at the lower tipped hourly rate, both prior to and after serving customers.

23.    For example, Plaintiff typically arrived approximately two (2) hours prior to the restaurant opening to customers in order to perform non-tip-producing and directly supporting work tasks (including the tasks listed above) while being paid at a tipped hourly rate of less than $7.25. Likewise, Plaintiff typically remained at the restaurant approximately two (2) hours after serving her last customer in order to perform non-tip-producing and directly supporting work tasks (including the tasks listed above) while being paid at a tipped hourly rate of less than $7.25.

24.    This non-tip-producing and directly supporting work also exceeded 20% of each shift while paid at the lower tipped hourly rate. As a result, this non-tip-producing and directly supporting work exceeded 20% of each workweek.

25.    As further example, Plaintiff typically spent a substantial portion of each hour, typically as much as 15 minutes, while customers were present in the restaurant performing non-tip-producing and directly supporting work tasks (including the tasks listed above) while being paid at a tipped hourly rate of less than $7.25.

26.    Defendant knew or acted with reckless disregard of the fact that its compensation practices for Tip Credit Employees violated the FLSA.

27.     Thus, Defendant willfully violated the FLSA.

## V.  COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees who file their written consent pursuant to 29 U.S.C. § 216(b):

> All current and former Tip Credit Employees (as defined herein) of Defendant who worked at Unión Mesa a/k/a Unión Mesa Restaurant & Cantina at any time beginning three years prior to the filing of this complaint through the present.

29.     Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and these similarly situated individuals, having worked pursuant to the common policies described herein, are "similarly situated" as defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI. CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE FLSA

30.     All previous paragraphs are incorporated as though fully set forth herein.

31.     Plaintiff asserts this claim on behalf of herself and all similarly situated employees who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

32.     Plaintiff and all similarly situated employees are employees entitled to the FLSA's protections.

33.     Defendant is an employer covered by the FLSA.

34.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

35.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

36.     The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

37.     While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

38.     The FLSA requires employers to provide certain information to tipped employees before taking a tip credit under the FLSA. 29 U.S.C. § 203(m). An employer that fails to provide the required information may not take the tip credit. 29 U.S.C. § 203(m)(2)(A)(ii).

39.     Here, by failing to inform Plaintiff and other Tip Credit Employees of the information required by the statute, Defendant has forfeited its right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

40.     The FLSA does not permit tip-sharing arrangements in which Tip Credit Employees share their tips with back-of-house employees who have no or insufficient customer interaction.

41.     Here, by requiring Plaintiff and other Tip Credit Employees to share a portion of their customer tips with back-of-house employees who have no or insufficient customer interaction, Defendant has forfeited its right to utilize the tip credit.

42.     The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

43.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees'. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R.

§§ 531.54, 531.59.

44.     Here, by unlawfully keeping employees' tips and permitting management to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

45.     Similarly, employers may only take a tip credit for employees in an occupation in which the employee is qualified as a "tipped employee." 29 U.S.C. § 203(m).

46.     Employers lose their right to utilize a tip credit when their employees spend more than twenty percent (20%) of their shift performing non-tip-producing work and/or spend large, continuous periods of time performing non-tip-producing or directly supporting work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." *See* 29 C.F.R. § 531.56.

47.     Here, by requiring Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work (as alleged herein), all while being paid at a tipped hourly rate of less than $7.25 per hour, Defendant has forfeited its right to utilize the tip credit in satisfying their minimum wage and overtime obligations.

48.     As such, Defendant has violated the FLSA by failing to pay Plaintiff and all similarly situated employees for all time worked at $7.25 per hour and for hours over 40 in a workweek at $10.88 per hour.

49.     Plaintiff and all similarly situated employees are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

50.     Defendant knew or acted with reckless disregard of the fact that its compensation practices for Tip Credit Employees violated the FLSA.

51.    Thus, in violating the FLSA, Defendant has acted willfully.

**COUNT II:**
**UNLAWFUL RETENTION OF TIPS UNDER THE FLSA**

52.    All previous paragraphs are incorporated as though fully set forth herein.

53.    Plaintiff asserts this claim on behalf of herself and all similarly situated employees who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

54.    Plaintiff and all similarly situated employees are employees entitled to the FLSA's protections.

55.    Defendant is an employer covered by the FLSA.

56.    The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

57.    Defendant has violated this provision by keeping tips received by Plaintiff and all similarly situated employees and by allowing managers to keep a portion of those tips.

58.    Plaintiff and all similarly situated employees are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

59.    Defendant knew or acted with reckless disregard of the fact that its compensation practices for Tip Credit Employees violated the FLSA.

60.    Thus, in violating the FLSA, Defendant has acted willfully.

**VII.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to

29 U.S.C. § 216(b);

B.      Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C.      A finding that Defendant has violated the FLSA;

D.      A finding that Defendant's FLSA violations were willful and not in good faith;

E.      A judgment against Defendant and in favor of Plaintiff and all similarly situated employees who opt into this litigation pursuant to 29 U.S.C. § 216(b) for compensation for all unpaid and underpaid wages and tips that Defendant has failed and refused to pay in violation of the FLSA;

F.      A judgment against Defendant and in favor of Plaintiff and all similarly situated employees who opt into this litigation pursuant to 29 U.S.C. § 216(b) for liquidated damages to the fullest extent permitted under the FLSA;

G.      A judgment against Defendant and in favor of Plaintiff and all similarly situated employees who opt into this litigation pursuant to 29 U.S.C. § 216(b) for litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure;

H.      A judgment against Defendant and in favor of Plaintiff and all similarly situated employees who opt into this litigation pursuant to 29 U.S.C. § 216(b) for prejudgment and post-judgment interest to the fullest extent permitted under the law; and,

I.      Such other and further relief as this Court deems just and proper in equity and under the law.

## VIII.  JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: April 22, 2024                    Respectfully submitted,

                                        /s/ Michael P. Hill
                                        **BRANDON J. BURTON**
                                        **MICHAEL P. HILL**
                                        Burton Law Group, P.C.
                                        308 N.W. 13th, Ste. 100
                                        Oklahoma City, OK  73103
                                        Telephone: (800) 257-5533
                                        Facsimile: (405) 232-0555
                                        brandon@burtonlaw.com
                                        mike@burtonlaw.com

                                        **DAVID W. GARRISON (TN Bar No. 24968)\***
                                        **JOSHUA A. FRANK (TN Bar No. 33294)\***
                                        **NICOLE A. CHANIN (TN Bar No. 040239)\***
                                        BARRETT JOHNSTON MARTIN & GARRISON, PLLC
                                        200 31st Avenue North
                                        Nashville, TN 37203
                                        Telephone: (615) 244-2202
                                        Facsimile: (615) 252-3798
                                        dgarrison@barrettjohnston.com
                                        jfrank@barrettjohnston.com
                                        nchanin@barrettjohnston.com

                                        \*Motion for *Pro Hac Vice* forthcoming

                                        *Attorneys for Plaintiff*