IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTIN MCCARROLL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JJMB OPERATING LLC d/b/a UNIÓN MESA a/k/a UNIÓN MESA RESTAURANT & CANTINA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   CIV-24-139-SPS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court is the Parties' Joint Motion and Stipulation for Conditional Certification and for the Issuance of Court-Supervised Notice. (Doc. 38). The Motion is **GRANTED**, consistent with the terms of this Order.

For purposes of this Order, "Tip Credit Employees" is defined as the current and former employees of Defendant at its Unión Mesa Restaurant & Cantina who Defendant paid less than $7.25 per hour (and less than $10.88 per overtime hour), plus customer tips, such as servers and/or bartenders.

**IT IS HEREBY ORDERED** that this case is conditionally certified as an FLSA collective action and FLSA notice of this collective action is authorized to the following individuals: All current and former Tip Credit Employees of Defendant who worked at Unión Mesa a/k/a Unión Mesa Restaurant & Cantina at any time since April 22, 2021.

**IT IS ORDERED** that the Notice and Consent Form, attached as **Exhibit A** to the Joint Motion, are approved for distribution to Potential Opt-In Plaintiffs[1] and must be used to opt into this action.

**IT IS ORDERED** that Defendant JJMB Operating LLC d/b/a Unión Mesa a/k/a Unión Mesa Restaurant & Cantina must provide to Plaintiffs' counsel an Excel spreadsheet containing the name, last known mailing address(es), last known email address(es), last known telephone number(s), dates of employments, and job titles for each current or former employee ("Class List") within fourteen (14) days of the Court's granting of the Parties' Joint Motion and Stipulation.

**IT IS ORDERED** that Plaintiff's counsel, or a third-party designated by Plaintiff's counsel, must distribute, via U.S. Mail, e-mail, and Short Message Service (SMS) text message the Court-authorized Notice within seven (7) days of receiving the Class List from Defendant. Each mailed Notice must be accompanied by the Consent Form and a pre-addressed, prepaid return envelope. Each e-mailed Notice and Short Message Service (SMS) text message Notice must contain a link by which Potential Opt-In Plaintiffs may access the Consent Form in order to sign and return it to Plaintiff's counsel. No other material may accompany the Notice. Plaintiff's counsel must send all Notices initially on the same day to as to establish a single date of mailing. Plaintiffs' counsel must send Defendant's counsel an example of each form of Notice sent to the Opt-In Plaintiffs (U.S. Mail, e-mail, and SMS text message) on the same day such Notices are sent to the Opt-In Plaintiffs. Plaintiff's counsel will bear all costs associated with distributing the Notice and accompanying material in this manner but is entitled to petition the Court for a recovery of such costs.

---

[1] "Potential Opt-In Plaintiffs" is defined as in the Parties' Joint Motion and Stipulation for Conditional Certification and for the Issuance of Court-Supervised Notice.

**IT IS ORDERED** that Plaintiffs' counsel must file with the Court a certification that the Notice has been sent consistent with this Order identifying the date of mailing within seven (7) days of Plaintiffs' counsel distributing the authorized Notice and Consent Forms to the Potential Opt-In Plaintiffs.

**IT IS ORDERED** that Potential Opt-In Plaintiffs must return their signed Consent Form for filing in this action in an envelope sent by U.S. mail that is postmarked no later than sixty (60) days from the date of mailing of the Court-authorized Notice and Consent Form or sent electronically no later than said date (the "Opt-In Deadline"). Timely consent forms will be deemed "filed" on the postmarked date or date received by Plaintiff's counsel electronically. Plaintiffs' counsel must file Notices of all Consent Forms for all individuals who timely sent consent forms by no later than seven (7) days after the Opt-In Deadline, unless they receive a consent form that is postmarked by the Opt-In Deadline but received after the Opt-In Deadline (in that case, such Consent Form must be filed within seven (7) days after it is received).

**IT IS ORDERED** that half-way through the 60-day notice period, Plaintiff's counsel must distribute, via U.S. Mail, e-mail, and SMS text message the Court-authorized Notice to any individuals who fall within the group defined above Order from whom Plaintiff's counsel have not received a completed Consent Form by that date.

**IT IS ORDERED** that within seven (7) days of the close of the notice period, Plaintiffs' counsel must provide a full list of all individuals who have filed consent forms by the Opt-In Deadline to Defendant's counsel. Within twenty-eight (28) days of receipt of the list, Defendant JJM Operating LLC d/b/a Unión Mesa a/k/a Unión Mesa Restaurant & Cantina must produce to Plaintiffs all pay, time, and tip data for these individuals for the applicable time period to this

litigation, and Plaintiffs must produce to Defendant all documents in their possession supporting their claims.

**IT IS ORDERED** that, pursuant to the parties' stipulation, Defendant preserves all rights and defenses (specifically including but not limited to their right to move to decertify any or all of the conditionally certified collective classes at an appropriate time in this litigation).

Finally, the parties have informed the Court that they have engaged Dennis Clifford to conduct a mediation of this matter on December 17, 2024, at the office of Defendant's counsel in Dallas, Texas. The parties are **ORDERED** that within seven (7) days of this mediation they shall notify this Court as to whether an agreement to resolve this litigation has been reached or not. By this same deadline, the Parties shall move this Court to set a schedule for the remainder of this litigation, if necessary.

All deadlines in this case (with the exception of the deadlines and discovery expressly described above) are held in abeyance. The parties have agreed to limit their discovery through mediation to the discovery listed above, which is necessary to engage in meaningful settlement negotiations.

**IT IS SO ORDERED this 22nd day of August, 2024.**

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**