IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KRISTIN MCCARROLL, On Behalf of Herself and All Others Similarly Situated,** )<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>**JJMB OPERATING LLC d/b/a UNIÓN MESA a/k/a UNIÓN MESA RESTAURANT & CANTINA,** )<br>)<br>)<br>)<br>*Defendant*. ) | **COLLECTIVE ACTION**<br><br>**CASE NO. 6:24-cv-00139-SPS**<br><br>**MAGISTRATE JUDGE SHREDER**<br><br>**JURY DEMAND** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT**

Named Plaintiff Kristin McCarroll ("Named Plaintiff"), on behalf of all Opt-In Plaintiffs (collectively "Plaintiffs"), submits this Memorandum in Support of Plaintiff's Unopposed Motion to Approve Fair Labor Standards Act Settlement (the "Unopposed Motion"). The Parties' Mediated Settlement Agreement (the "Settlement" or "Agreement")[1] is a fair, adequate, and reasonable resolution of their *bona fide* disputes under the Fair Labor Standard Act ("FLSA"). The Court should therefore approve it.[2]

**I.     BACKGROUND**

This action was filed on April 22, 2024, to challenge Defendant's reliance on the "tip-credit" provision of Section 3(m) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m), to pay Tip-Credit Employees[3], such as servers and bartenders, at Unión Mesa Restaurant &

---

[1]  The Settlement Agreement is cited herein as "SA at ¶ __."

[2]  Defendant did not draft any portion of Plaintiff's Unopposed Motion or this supporting Memorandum. However, Defendant agrees that the parties' Settlement is fair and reasonable.

[3]  "Tip Credit Employees" refers to those paid a tipped hourly rate of less than the $7.25 per hour plus customer tips pursuant to the FLSA's tip-credit provisions.

1

Cantina (a/k/a "Unión Mesa"), located at the WinStar World Casino and Resort in Thackerville, Oklahoma. (Doc. No. 2). The principal allegations are that Defendant did not meet the FLSA's requirements for relying on the tip-credit provision and unlawfully retained tips Tip Credit Employees earned due to common pay policies and practices that applied to these employees.

Early in the case, Plaintiff's counsel indicated that Plaintiff intended to promptly file a motion for conditional certification and notice to potential Opt-In Plaintiffs under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Following considerable negotiations regarding this relief, the parties entered into and filed a Joint Motion and Stipulation for Conditional Certification and for the Issuance of Court-Supervised Notice. In this Joint Motion and Stipulation, the parties agreed: to the conditional certification of this collective action; to Court-supervised notice to potential Opt-In Plaintiffs, pursuant to 29 U.S.C. § 216(b); and to an in-person mediation on December 17, 2024. (Doc No. 38). The Court granted that Motion (Doc. No. 40) and, following notice (Doc. No. 45), a total of thirty-one (31) individuals filed their written consent to join this action, including the Named Plaintiff. (*See* Doc. Nos. 14, 18, 46-57).

After the close of the notice period and in compliance with the Court's August 22, 2024, Order (Doc. No. 40), the parties exchanged information and documents, in particular the payroll and timekeeping data, to facilitate settlement negotiations. On December 17, 2024, the parties engaged in an all-day, in-person mediation with Dennis Clifford, a mediator with considerable expertise as both a practitioner and mediator in class and collective wage-and-hour litigation. *See* Frank Decl. at ¶¶ 4, 6. The result of that mediation was the Settlement, which is now before the Court for approval. *Id.* ¶ 7. The Settlement reflects the outcome of the parties' negotiations and contains the following salient provisions:

- Defendant will pay a total of $71,000 (the "Settlement Payment"), allocated:
    - $36,000 to the Plaintiffs (allocated half as wages and half as liquidated

> damages), with a service payment to Named Plaintiff Kristin McCarroll of $2,000 from this amount, *see* SA at ¶¶ 1, 4 and Ex. A;
>
> o $35,000 to Plaintiffs' counsel for attorneys' fees, costs, and expenses, *id.*; and,
>
> - Plaintiffs release the wage-and-hour claims which were or could have been asserted in this action, *id.* ¶ 7.

The settlement will be administered by a third-party administrator, who will establish a qualified settlement fund to receive the funds from Defendant and will, among other things, make all payments under the Settlement. *Id.* ¶¶ 1-2. The third-party settlement administrator in this action will be ILYM Group, Inc. Frank Decl. at ¶ 7.

The allocation of settlement funds was based on the pay and time records produced by Defendant. *Id.* Plaintiffs' tip-credit wage damages were calculated based on the difference between the applicable minimum wage and the sub-$7.25 per hour tipped hourly rate for each hour worked at the lower rate. *Id.* Plaintiffs damages calculations assumed Defendant was not entitled to take the tip credit on any of the hours worked by the Plaintiffs in weeks when Defendant took the tip credit. *Id.* These damages totaled $57,899.74 under the FLSA's default, two-year statute of limitations.[4] In other words, the Plaintiffs' recovery under the Settlement represents more than half of their maximum recovery of tip-credit wage damages. *Id.* The allocation of these funds to each Plaintiff was made *pro rata* based on these damages calculations, with a $100 minimum recovery allocated to each of the Plaintiffs (as indicated on Exhibit A of the Settlement Agreement). *Id.*

Defendant denied all liability, asserted several affirmative defenses, and, absent settlement, was likely to defend this litigation vigorously to limit or altogether defeat Plaintiffs' recoveries.

---

[4] Plaintiffs' claims in this action do not extend three years back because Unión Mesa was not in business prior to fall of 2022. As such, there is no three-year statute of limitations to consider in this matter.

For example, had this litigation continued, Defendant would have likely contested whether Plaintiffs were similarly situated such that their claims should proceed to trial collectively through a motion for decertification. Even if Plaintiffs were successful in defeating such a motion, Defendant was likely to argue that tip-credit damages should not be awarded to Plaintiffs for every hour worked because, among other things, any non-tip-producing work conducted by Plaintiffs was limited in nature and any improper tip-sharing was infrequent. In other words, Defendant would dispute the number of improperly compensated work hours. The Settlement provides substantial payment to Plaintiffs and avoids the risk of a reduced recovery or no recovery after months or years of continued litigation. For Defendant, the Settlement similarly provides certainty and avoids additional litigation costs and the risk of judgment in Plaintiffs' favor.

**II.     ARGUMENT**

In accordance with their Settlement, the Parties request that the Court review and approve the Settlement as a fair and reasonable compromise of Plaintiffs' claims. There is disagreement within the Tenth Circuit over whether FLSA settlements *must* be approved by the court. *Compare Oates v. Kinder Morgan Energy Partners, L.P.,* 2022 WL 18673322, at *1 (W.D. Okla. Jan. 18, 2022) (holding that FLSA settlements require judicial approval); *Geist v. Handke*, No. 2:17-cv-02317-HLT, 2018 WL 6204592, at *1 (D. Kan. Nov. 28, 2018) (same) *with Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, at *2 (N.D. Okla. Jan. 4, 2019) (holding that FLSA settlements do not require judicial approval); *Fails v. Pathway Leasing LLC*, No. 18-cv-00308-CMA-MJW, 2018 WL 6046428, at *3 (D. Colo. Nov. 19, 2018) (same). However, there does not appear to be any disagreement over whether FLSA settlements *may* be approved by the court. *E.g.*, *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019).

In order to approve an FLSA settlement, "'the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned.'" *Jackson v. U.S. Bancorp*, No. 20-2310-EFM, 2022 WL 744693, at *2 (D. Kan. Mar. 11, 2022) (quoting *Peterson v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011)). Any settlement agreement must also contain an award of attorneys' fees. *Id.* Further, "[u]nlike class actions brought pursuant to Fed. R. Civ. P. 23, an FLSA collective action settlement may be approved without a separate fairness hearing." *Id.* (citing *Flerlage v. US Foods, Inc.*, No. 18-2614-DDC-TJJ, 2020 WL 4673155, at *10 (D. Kan. Aug. 12, 2020)).

**A. The Settlement represents a fair and reasonable compromise of Plaintiff's claims.**

The proposed Settlement is fair and reasonable. "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *Jackson v. U.S. Bancorp*, No. 20-2310-EFM, 2022 WL 744693, at *2 (D. Kan. Mar. 11, 2022) (quoting *Hoffman v. Poulsen Pizza LLC*, No. 15-2640-DDC-KGG, 2017 WL 25386, at *2 (D. Kan. Jan. 3, 2017)). Here, the Settlement is the result of extensive arm's length negotiations during an all-day, in-person mediation with the assistance of a skilled mediator, Dennis Clifford, who has particular expertise in this area of the law. The compromise reached reflects the potential for delay, the risk of adverse outcomes, and the uncertainty regarding how various questions of law and fact would ultimately be resolved.

In light of this, the Settlement provides a recovery to Plaintiffs that is equal to more than half of the maximum potential unpaid wage recovery that is divided *pro rata* based on their potential individual recoveries calculated using their pay and time data. In contrast, the alternative to the present Settlement is protracted and expensive litigation with no certain result, in which a

5

reduced recovery or no recovery is possible. Thus, and in light of the considerable risk, cost, and uncertainty of continued litigation, the Settlement is fair and reasonable and should be approved.

**B. The modest service payment to the Named Plaintiff is reasonable and should be approved.**

"[C]ourts regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case." *Chieftain Royalty Co. v. Enervest Energy Inst'l Fund XIII-A*, 888 F.3d 455, 468 (10th Cir. 2017). Here, the Parties' proposed Settlement includes a modest $2,000 service payment (also commonly referred to as an incentive award) to Named Plaintiff McCarroll. This payment is lower than, or commensurate with, service awards approved by courts in this Circuit and elsewhere in similar FLSA collective action litigation. *See, e.g.*, *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) (approving $7,500 service award to named plaintiff in case with total settlement of $178,928.84); *Diaz v. Lost Dog Pizza, LLC*, No. 17-CV-2228-WJM-NYW, 2019 WL 2189485, at *4 (D. Colo. May 21, 2019) (approving $5,000 incentive award to named plaintiff); *Dickerson v. Zayo Grp., LLC*, No. 20-CV-02490-DDD-NRN, 2022 WL 18777094, at *6-7 (D. Colo. Oct. 31, 2022), *report and recommendation adopted*, No. 20-CV-02490-NYW-NRN, 2022 WL 18777066 (D. Colo. Nov. 14, 2022) (approving $7,500 service award to named plaintiff); *Jackson v. U.S. Bancorp*, No. 20-2310-EFM, 2022 WL 744693, at *4 (D. Kan. Mar. 11, 2022) (approving a $2,500 incentive award); *Bruner v. Sprint/United Mgmt. Co.*, 2009 WL 2729911, at *3 (D. Kan. 2009) (authorizing awards of $2,500 and $5,000); *Ware v. CKF Enterprises, Inc.*, No. 5:19-CV-183-DCR, 2020 WL 2441415, at *17 (E.D. Ky. May 12, 2020) ((approving two $5,000 service payments); *Crowell v. M St. Ent., LLC*, No. 3:21-cv-00517 (Order at Doc. No. 314) (M.D. Tenn. Nov. 14, 2023) (approving $15,000 service award for Named Plaintiff in FLSA collective action); *Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-CV-6292, 2022 WL 501206, at *8 (S.D. Ohio Jan.

19, 2022) (approving $10,000 service award for Named Plaintiff and Opt-in Plaintiff in FLSA case).

This proposed service award of $2,000 to Named Plaintiff McCarroll reflects appropriate compensation for her substantial efforts on behalf of the Plaintiffs, which led to an excellent recovery. Frank Decl. ¶¶ 6, 7, 12. As the Named Plaintiff in this action, Plaintiff McCarroll spoke extensively with counsel to assist in investigating the claims in this case prior to the filing of the complaint. *Id.* ¶ 12. Moreover, Plaintiff McCarroll worked to ensure that others with whom she was in contact and who had expressed a desire to join with her in this collective action received the necessary information from Plaintiffs' counsel to join the case. *Id.* She also provided a declaration to Plaintiffs' counsel to use in support of Plaintiff's anticipated motion for conditional certification and FLSA notice to potential Opt-In Plaintiffs prior to Defendant's agreement to Court-supervised notice. *Id.* And, she spent considerable time communicating with counsel to prepare for mediation. *Id.* Finally, Plaintiff McCarroll traveled from her home in Gainesville, Texas, to Dallas, Texas to participate in the all-day mediation which resulted in the proposed Settlement for the Court to consider. *Id.* Without her considerable efforts, this Settlement, which will provide a substantial recovery to similar employees, could not have been reached. *Id.* In sum, Named Plaintiff McCarroll's efforts, and the excellent outcome achieved as a result of those efforts, justifies her modest service payment, which Defendant does not oppose. *Id.*

### C. The agreed-upon payment for attorneys' fees, costs, and expenses is reasonable and should be approved.

As part of the Settlement, the parties separately negotiated a payment to resolve Plaintiffs' claims for the attorneys' fees, costs, and expenses incurred, without regard to the amount paid to the Plaintiffs. Here, the settlement provides for an agreed-upon payment of $35,000 to resolve claims for all attorneys' fees, costs, and expenses incurred by Plaintiffs' counsel. To date, the fees

and out-of-pocket costs incurred by Plaintiffs' counsel, exceed this amount. Frank Decl. ¶ 8. These fees are reasonable. *Id.* ¶¶ 8-11.

Under the FLSA's fee-shifting provision, a prevailing plaintiff is entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). As the U.S. Supreme Court has noted, in fee-shifting litigation, "[i]deally, of course, litigants will settle the amount of a fee," as the parties have done here. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* To the extent courts exercise their discretion to review the payment of attorneys' fees and costs agreed to by the parties, the starting point is the lodestar—"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. There is a "strong presumption that the lodestar figure . . . represents a 'reasonable' fee" and this presumption "is wholly consistent with the rationale behind the usual fee-shifting statute." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987).

Here, the parties—through counsel with substantial experience in complex, fee-shifting litigation, including FLSA collective actions—have reached a settlement that results in a separately negotiated payment of attorneys' fees and costs, that is less the amount of fees and out-of-pocket costs actually incurred to date. Frank Decl. ¶ 8. To date, Plaintiffs' counsel have incurred more than[5] $39,000 in fees at their usual, Court-approved hourly rates and $1,910.69 in out-of-pocket costs. *Id.* ¶¶ 8-10. Plaintiffs' counsel undertook this litigation on a contingency fee basis and have not been paid for any of the work they have performed or the out-of-pocket costs advanced. *Id.*

---

[5] This amount does not include the time spent by Plaintiffs' local counsel, Burton Law Group, P.C., whose efforts were also significant, particularly in providing advice and guidance to help ensure that all aspects of this litigation proceeded according to the Court's local practices. *Id.*

¶ 8. Moreover, Plaintiffs' counsel will continue to incur fees that are not included in this amount through the administration of the Settlement, which will continue for at least a few months following Court approval of the Settlement. *Id.* In other words, the total fees and expenses to date, approximately $$41,000, is presently a conservative estimate of Plaintiffs' lodestar fee and costs, which will continue to grow. *Id.*

By comparison, the parties separately negotiated a payment of $35,000 to resolve all claims for the recovery of attorneys' fees and expenses in this matter. *Id.* Once all actual out-of-pocket costs are reimbursed, the remaining fee payment is approximately $33,000. *Id.* This is a substantial reduction—more than 14%—from the fees actually incurred to date in this matter, and this reduction will only increase as fees continue to be incurred. *Id.* In short, the separately-negotiated, agreed-upon payment to resolve claims for fees and costs is *substantially less than* the presumptively reasonable lodestar amount.

These facts demonstrate that the agreed-upon fee payment is reasonable. *See, e.g.*, *Cannon v. Time Warner NY Cable LLC*, No. 13-CV-02521-RM-MJW, 2015 WL 4498808, at *4 (D. Colo. July 24, 2015) (approving payment of fees and costs where it was "negotiated separately and without regard to the amount paid to the members of the settlement group," was unopposed by Defendant, and represented a reduction from the actual fees incurred). Thus, the Court should approve the reasonable fee and cost payment under the Settlement.

### III.   CONCLUSION

For the reasons stated above, Plaintiffs submit that the Court should approve all aspects of the Settlement as fair and reasonable, and enter the proposed order attached to their Unopposed Motion approving the Settlement and dismissing this case with prejudice.

Date: January 27, 2025                    Respectfully submitted,

/s/ Joshua A. Frank
**DAVID W. GARRISON (TN Bar No. 24968)\***
**JOSHUA A. FRANK (TN Bar No. 33294)\***
**NICOLE A. CHANIN (TN Bar No. 040239)\***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**BRANDON J. BURTON**
**MICHAEL P. HILL**
Burton Law Group, P.C.
308 N.W. 13th, Ste. 100
Oklahoma City, OK  73103
Telephone: (800) 257-5533
Facsimile: (405) 232-0555
brandon@burtonlaw.com
mike@burtonlaw.com

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this *Memorandum in Support of Plaintiff's Unopposed Motion for Final Collective Action Certification and to Approve Fair Labor Standards Act Settlement* was filed electronically with the Clerk's office by using the CM/ECF system on January 27, 2025, and will be served upon the Defendants via the CM/ECF filing system as indicated below:

**SCOTT GRIFFITH**
**JASON L. CAGLE**
**ERIN EILEEN FRY**
Griffith Davison, PC
13737 Noel Rd, Ste 1200
Dallas, TX 75240-1335
972-392-8900
972-392-8901 (fax)
sgriffith@griffithdavison.com
jcagle@griffithdavison.com
efry@griffithdavison.com

**KIMBERLY LAMBERT LOVE**
**ASHLEY F. VINSON**
Titus Hillis Reynolds Love
15 E Fifth St, Ste 3700
Tulsa, OK 74103-4334
918-587-6800
918-587-6822 (fax)
klove@titushillis.com
avinson@titushillis.com

*Attorneys for Defendants*

                                        /s/ Joshua A. Frank
                                        **JOSHUA A. FRANK**
                                        BARRETT JOHNSTON
                                             MARTIN & GARRISON, PLLC